UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **GEROM KNOCKUM** | **CIVIL ACTION** |
| **VERSUS** | **NO. 21-1563** |
| **OFFICER COOPER MARCEL, ET AL.** | **SECTION: "G"(1)** |

## REPORT AND RECOMMENDATION

Plaintiff, Gerom Knockum, a state pretrial detainee, filed this *pro se* federal civil action pursuant to 42 U.S.C. § 1983.[1] Suing Officer Cooper Marcel and Lafourche Parish, plaintiff indicates that he is asserting claims for "false arrest, racial discrimination, negligence, gross negligence, and intentional emotional harm."[2]

On November 15, 2021, the Court held a Spears hearing in this matter. See Spears v. McCotter, 766 F.2d 179 (5th Cir. 1985). "[T]he Spears procedure affords the plaintiff an opportunity to verbalize his complaints, in a manner of communication more comfortable to many prisoners." Davis v. Scott, 157 F.3d 1003, 1005-06 (5th Cir. 1998). The United States Fifth Circuit Court of Appeals has observed that a Spears hearing is in the nature of a Fed. R. Civ. P. 12(e) motion for more definite statement. Eason v. Holt, 73 F.3d 600, 602 (5th Cir. 1996). Spears hearing testimony becomes a part of the total filing by the *pro se* applicant. Id.

---

[1] In pertinent part, that statute provides:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress ….

42 U.S.C. § 1983.
[2] See Rec. Doc. 1, p. 6.

Based on the complaint and the <u>Spears</u> hearing testimony, the Court finds that plaintiff is making the following allegations in support of his claims: In April of 2021, a woman agreed to buy a coat from plaintiff for $1,600. On that same date, she paid him $100 of that amount by check, and she then paid him an additional $500 toward the purchase price by check the following day.[3] Plaintiff cashed both checks. However, when the woman's son learned of the agreement, he became upset and threatened to kill plaintiff. The police became involved, and eventually plaintiff was arrested. He was charged with one count of simple burglary and six counts of monetary instrument abuse, and he is awaiting trial on those charges. Although he alleged that he does not have access to "proper legal paperwork or legal library" at the jail,[4] he noted that he has been appointed counsel to represent him in the criminal case. He stated that he has not filed any applications with the Louisiana Supreme Court concerning his current criminal prosecution.

Plaintiff filed this action *in forma pauperis*. Concerning such actions, federal law provides:

> Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that ... the action …
>
> (i)  is frivolous or malicious;
> (ii) fails to state a claim on which relief may be granted; or
> (iii) seeks monetary relief against a defendant who is immune from such relief.

28 U.S.C. § 1915(e)(2)(B).

In addition, because plaintiff is incarcerated, he is also subject to the screening provisions of 28 U.S.C. § 1915A. That statute mandates that federal courts "review, before docketing, if feasible or, in any event, as soon as practicable after docketing, a complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a

---

[3] It is not clear whether plaintiff ever received the remaining $1,000.
[4] Rec. Doc. 1, p. 5.

governmental entity." 28 U.S.C. § 1915A(a).[5]  Regarding such lawsuits, federal law similarly requires:

> On review, the court shall identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint –
>
> (1)  is frivolous, malicious, or fails to state a claim upon which relief may be granted; or
> (2)  seeks monetary relief from a defendant who is immune from such relief.

28 U.S.C. § 1915A(b).

A complaint is frivolous "if it lacks an arguable basis in law or fact." Reeves v. Collins, 27 F.3d 174, 176 (5th Cir. 1994).  In determining whether a claim is frivolous, the Court has "not only the authority to dismiss a claim based on an indisputably meritless legal theory, but also the unusual power to pierce the veil of the complaint's factual allegations and dismiss those claims whose factual contentions are clearly baseless." Neitzke v. Williams, 490 U.S. 319, 327 (1989); Macias v. Raul A. (Unknown), Badge No. 153, 23 F.3d 94, 97 (5th Cir. 1994).

A complaint fails to state a claim on which relief may be granted when the plaintiff does not "plead enough facts to state a claim to relief that is plausible on its face.  Factual allegations must be enough to raise a right to relief above the speculative level, on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." In re Katrina Canal Breaches Litigation, 495 F.3d 191, 205 (5th Cir. 2007) (footnote, citation, and quotation marks omitted). The United States Supreme Court has held:

> A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.  The plausibility standard is not akin to a "probability requirement," but it asks for more than a sheer possibility that a defendant has acted unlawfully.  Where a complaint pleads facts that are merely consistent with a

---

[5] "As used in this section, the term 'prisoner' means any person incarcerated or detained in any facility who is accused of, convicted of, sentenced for, or adjudicated delinquent for, violations of criminal law or the terms and conditions of parole, probation, pretrial release, or diversionary program." 28 U.S.C. § 1915A(c).

defendant's liability, it stops short of the line between possibility and plausibility
of entitlement to relief.

Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (citations and quotation marks omitted).

After broadly construing the complaint,[6] the undersigned hereby makes the following recommendations concerning plaintiff's claims.

### I.  Lafourche Parish

As noted, plaintiff named Lafourche Parish as defendant in this lawsuit. Claims against a parish governing body must be analyzed under the standards set forth in Monell v. Department of Social Services, 436 U.S. 658 (1978). See, e.g., Babin v. Parish of Jefferson, Civ. Action No. 16-2954, 2018 WL 794535, at *12 (E.D. La. Feb. 8, 2018); accord St. Julien v. Government of Iberia Parish, Civ. Action No. 6:18-CV-00099, 2018 WL 5020697, at *3 (W.D. La. Sept. 25, 2018), adopted, 2018 WL 5019965 (W.D. La. Oct. 16, 2018); Cousin v. St. Tammany Parish, Civ. Action No. 16-15751, 2017 WL 1321315, at *3-4 (E.D. La. Mar. 13, 2017), adopted, 2017 WL 1319782 (E.D. La. Apr. 7, 2017).

Monell provides:

> [A] local government may not be sued under § 1983 for an injury inflicted solely by its employees or agents. Instead, it is when execution of a government's policy or custom, whether made by its lawmakers or by those whose edicts or acts may fairly be said to represent official policy, inflicts the injury that the government as an entity is responsible under § 1983.

Monell, 436 U.S. at 694. Therefore, the United States Fifth Circuit Court of Appeals has held:

> In order to hold a municipality or a local government unit liable under Section 1983 for the misconduct of one of its employees, **a plaintiff must initially allege that an official policy or custom was a cause in fact of the deprivation of rights inflicted**. To satisfy the cause in fact requirement, **a plaintiff must allege that the custom or policy served as a moving force behind the constitutional violation at issue or that [his] injuries resulted from the execution of an official policy or custom**. The description of a policy or custom and its relationship to the

---

[6] The Court must liberally construe a *pro se* civil rights complaint. See Moore v. McDonald, 30 F.3d 616, 620 (5th Cir. 1994).

underlying constitutional violation, moreover, cannot be conclusory; it must contain specific facts.

Spiller v. City of Texas City, Police Department, 130 F.3d 162, 167 (5th Cir. 1997) (emphasis added; citations, quotation marks, and brackets omitted).  Further, "[a] plaintiff may not infer a policy merely because harm resulted from some interaction with a governmental entity."  Colle v. Brazos County, 981 F.2d 237, 245 (5th Cir. 1993); see also Wetzel v. Penzato, Civ. Action No. 09-7211, 2009 WL 5125465, at *3 (E.D. La. Dec. 23, 2009).  Rather, he must identify the policy or custom which allegedly caused the deprivation of his constitutional rights.  See, e.g., Murray v. Town of Mansura, 76 F. App'x 547, 549 (5th Cir. 2003); Treece v. Louisiana, 74 F. App'x 315, 316 (5th Cir. 2003); Wetzel, 2009 WL 5125465, at *3.

In the instant case, plaintiff has not alleged that his constitutional rights were violated as a result of a policy or custom, much less identified such a policy or custom.  Therefore, his allegations fall short of what is required to state a proper claim against Lafourche Parish, and so his claims against that defendant should be dismissed.

## II.  Officer Cooper Marcel

Plaintiff has also sued Thibodaux Police Officer Cooper Marcel.  The undersigned makes the following recommendations with respect to the claims against Marcel.

### A.  False Arrest

Plaintiff first claims that he was falsely arrested by Marcel.  That claim should be stayed pending resolution of plaintiff's state criminal proceedings.

If plaintiff stood convicted of the pending charges, this Court would be barred from considering his claims by Heck v. Humphrey, 512 U.S. 477 (1994).[7]  But he has not been

---

[7] In Heck, the United States Supreme Court stated:

convicted. Instead, he is currently awaiting trial on the charges, and the United States Supreme Court has made it clear that that Heck does not bar "an action which would impugn *an anticipated future conviction*...." Wallace v. Kato, 549 U.S. 384, 393 (2007) (emphasis in original).

Nevertheless, that does not mean that federal courts should forge ahead with cases in which a plaintiff's federal civil rights claims concern pending state criminal charges. Rather, the Supreme Court has explained:

> If a plaintiff files a false arrest claim before he has been convicted (or files any other claim related to rulings that will likely be made in a pending or anticipated criminal trial), it is within the power of the district court, in accord with common practice, to stay the civil action until the criminal case or the likelihood of a criminal case is ended. If the plaintiff is ultimately convicted, and if the civil suit would impugn that conviction, Heck will require dismissal; otherwise, the civil action will proceed, absent some other bar to suit.

Id. at 393-94 (citations omitted). Therefore, under that reasoning, the false arrest claim against Marcel should be stayed until such time as plaintiff's state criminal proceedings are concluded.

## B. Racial Discrimination

Plaintiff next claims that his arrest stemmed from the fact that he is Black. Regarding such claims, the United States Fifth Circuit Court of Appeals recently explained:

---

> We hold that, in order to recover damages for allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid, a § 1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus, 28 U.S.C. § 2254. A claim for damages bearing that relationship to a conviction or sentence that has *not* been so invalidated is not cognizable under § 1983. Thus, when a state prisoner seeks damages in a § 1983 suit, the district court must consider whether a judgment in favor of the plaintiff would necessarily imply the invalidity of his conviction or sentence; if it would, the complaint must be dismissed unless the plaintiff can demonstrate that the conviction or sentence has already been invalidated.

Heck, 512 U.S. at 486-87 (emphasis in original) (footnote omitted). Heck bars a false arrest claim brought by a convicted prisoner until such time as he obtains a favorable disposition on all of the underlying criminal charges for which he was arrested. See Wallace v. Kato, 549 U.S. 384, 394 (2007); Queen v. Purser, 109 F. App'x 659, 660 (5th Cir. 2004); Wells v. Bonner, 45 F.3d 90, 95 (5th Cir. 1995); Jordan v. Strain, Civ. Action No. 09-3565, 2009 WL 2900013, at *2 n.4 (E.D. La. Aug. 28, 2009); Landor v. Hogue, Civ. Action No. 07-9171, 2008 WL 243950, at *3 (E.D. La. Jan. 25, 2008).

6

> The Equal Protection Clause directs that persons similarly situated should be treated alike. More specifically, to state a claim of racial discrimination under the Equal Protection Clause and § 1983, a plaintiff must plausibly allege two things. First, he must allege that he was treated differently than persons similarly situated to him; second, he must allege that such treatment stemmed from discriminatory intent.

Anokwuru v. City of Houston, 990 F.3d 956, 965 (5th Cir. 2021) (citations and quotation marks omitted). Plaintiff has not done so.

Regarding the first prong, plaintiff makes no attempt to allege that he was treated differently than another person who was similarly situated. For example, he has not identified any person who was not arrested under similar facts.

As to the second prong, plaintiff offers nothing other than his own belief that he has been the victim of racial discrimination. That is not enough. "[A]n unsupported and conclusory allegation of racial malice is insufficient to state a claim for which relief can be granted." Harris v. Keith, No. 13-CV-750, 2013 WL 5516432, at *3 (W.D. La. Oct. 2, 2013); accord Sandifer v. Tanner, Civ. Action No. 14-1670, 2015 WL 4168172, at *5 (E.D. La. July 1, 2015) ("Conclusory claims of discrimination do not establish discriminatory intent."); Gonzales v. Currie, Civ. Action No. 2:13-CV-201, 2014 WL 222353, at *2 (S.D. Tex. Jan. 21, 2014) ("Neither personal belief nor vague and conclusory allegations are sufficient to raise an equal protection claim.").

For these reasons, plaintiff's allegations fall far short of what is required to state a claim for racial discrimination. Although the federal pleading rules do not require "detailed factual allegations," they nevertheless still "demand more than an unadorned, the-defendant-unlawfully-harmed-me accusation." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quotation marks omitted). Again, a plaintiff must "plead enough facts to state a claim to relief that is **plausible on its face**." In re Katrina Canal Breaches Litigation, 495 F.3d 191, 205 (5th Cir. 2007) (emphasis added). Here, plaintiff has not done so. At best, his well-pleaded facts permit nothing more than an

7

inference of a "mere possibility of misconduct." See Iqbal, 556 U.S. at 679. But that is insufficient to state a claim, because it does not "nudge[] his claims … across the line from conceivable to plausible." See id. at 680 (quotation marks and brackets omitted). Accordingly, his equal protection claim should be dismissed.

### C.  Negligence

Plaintiff's complaint also indicates that he is asserting claims for negligence. However, "negligence is not a theory for which liability may be imposed under section 1983." Eason v. Thaler, 73 F.3d 1322, 1329 n.3 (5th Cir. 1996); accord Gibbs v. Grimmette, 254 F.3d 545, 550 (5th Cir. 2001) ("[N]egligence ... is not actionable under § 1983."). On the contrary, as the United States Supreme Court has explained: "Section 1983 imposes liability for violations of rights protected by the Constitution, not for violations of duties of care arising out of tort law. Remedy for the latter type of injury must be sought in state court under traditional tort-law principles." Baker v. McCollan, 443 U.S. 137, 146 (1979). Accordingly, plaintiff's negligence claims should be dismissed.

### D.  Intentional Emotional Harm

Plaintiff's claim for "intentional emotional harm" should likewise be dismissed. Such claims simply are not cognizable under 42 U.S.C. § 1983, because the infliction of emotional harm is not, in and of itself, a constitutional tort. See, e.g., Wolf v. English, No. 99-40853, 2000 WL 633588, at *2 n.2 (5th Cir. Apr. 28, 2000) ("[Plaintiff] does not have a constitutional right to be free from … emotional distress, and therefore he cannot assert a claim for such damages under § 1983."); Shinn *ex rel.* Shinn v. College Station Independent School District, 96 F.3d 783, 786 (5th Cir. 1996) ("There is no constitutional right to be free from emotional distress.").

### E.  Access to Courts

As noted, plaintiff also alleges in his complaint that he does not have access to "proper legal paperwork or legal library" at the jail.[8]  If he intended that allegation as a separate claim in this lawsuit, it would be a claim that he is being denied his constitutional right of access to the courts.  That right "requires prison authorities to assist inmates in the preparation and filing of meaningful legal papers by providing prisoners with adequate law libraries or adequate assistance from persons trained in the law."  Bounds v. Smith, 430 U.S. 817, 828 (1977).  The right extends to pretrial detainees.  See United States v. Moya-Gomez, 860 F.2d 706, 743 (7th Cir. 1988); Wetzel v. Strain, Civ. Action No. 09-7048, 2010 WL 744993, at *3 (E.D. La. Feb. 26, 2010); Kirkpatrick v. Daugherty, Civil Action No. 6:05cv461, 2006 WL 2401108, at *4 (E.D. Tex. Aug. 17, 2006).

However, as noted, plaintiff was appointed a public defender to represent him in his state criminal proceedings.  That appointment fully satisfied his right of access to courts; in light of the appointment, no independent access to a law library or effective jail legal services program was constitutionally required.  See, e.g., Dickinson v. TX, Fort Bend County, 325 Fed. App'x 389, 390 (5th Cir. 2009) ("Because Dickinson had court-appointed counsel to represent him, he did not have a constitutional right of access to a law library to prepare his criminal defense."); Ashcraft v. Cameron County, No. 97-41219, 1998 WL 611201, at *3 (5th Cir. Aug. 17, 1998) ("A criminal defendant cannot complain that he was denied access to the courts while represented by counsel."); Ford v. Foti, No. 94-30614, 1995 WL 241811, at *3 (5th Cir. Apr. 14, 1995) ("A criminal defendant who is represented by counsel has meaningful access to the courts vis-a-vis the criminal action pending against him."); Childs v. Scott, No. 94-60723, 1995 WL 153057, at *1 (5th Cir. Mar. 22, 1995) ("If a criminal defendant is represented by counsel, he has constitutionally

---

[8] Rec. Doc. 1, p. 5.

sufficient access to the courts."); Webb v. Havins, No. 93-1452, 1994 WL 286151, at *3 (5th Cir. June 13, 1994); Crockett v. Carpenter, No. 93-1480, 1994 WL 144645, at *3 (5th Cir. Apr. 5, 1994).

Therefore, to the extent that plaintiff is indeed asserting a claim that he has been denied access to the courts, that claim should be dismissed as frivolous.

### III.  Habeas Corpus/Mandamus Relief

One final note:  Above the caption, plaintiff added the handwritten notations "Writ of Habeas Corpus" and "Writ of Mandamus" on the first page of his complaint.  To the extent that he is in fact requesting those forms of relief in this civil action, they are unavailable for the following reasons.

### A.  Habeas Corpus Relief

Plaintiff is a pretrial detainee.  A pretrial detainee's habeas corpus claims are properly brought under 28 U.S.C. § 2241, "'which applies to persons in custody regardless of whether final judgment has been rendered and regardless of the present status of the [pending case].'" Stringer v. Williams, 161 F.3d 259, 262 (5th Cir. 1998) (quoting Dickerson v. Louisiana, 816 F.2d 220, 224 (5th Cir. 1987)); see also Fain v. Duff, 488 F.2d 218, 222 (5th Cir. 1973) (recognizing that "[t]he purpose of this writ is not to examine the validity of any judgment, but merely to inquire into the legality of a detention.").  However, plaintiff has not properly sought relief under § 2241 for at least two reasons.

First, "[t]he federal habeas statute straightforwardly provides that the proper respondent to a habeas petition is 'the person who has custody over [the petitioner].'" Rumsfield v. Padilla, 542 U.S. 426, 434 (2004) (quoting 28 U.S.C. § 2242).  Therefore, in a habeas corpus proceeding under § 2241, the proper respondent is the petitioner's immediate custodian.  See Mounce v. Knighten,

503 F.2d 967, 969 (5th Cir. 1974).  Plaintiff has not named his custodian as a defendant/respondent in this action.

Second, in any event, habeas corpus relief is unwarranted because plaintiff has not met the federal exhaustion requirement.  The United States Fifth Circuit Court of Appeals has held:

> Section 2241(c)(3), which empowers district courts to issue the writ before a judgment is rendered in a criminal proceeding, makes no reference to exhaustion. Despite the absence of an exhaustion requirement in the statutory language of section 2241(c)(3), a body of case law has developed holding that although section 2241 establishes jurisdiction in the federal courts to consider pre-trial habeas corpus petitions, federal courts should abstain from the exercise of that jurisdiction if the issues raised in the petition may be resolved either by trial on the merits in the state court or by other state procedures available to the petitioner.
> The exhaustion doctrine of section 2241(c)(3) was judicially crafted on federalism grounds in order to protect the state courts' opportunity to confront and resolve any constitutional issues arising within their jurisdictions as well as to limit federal interference in the state adjudicatory process.

Dickerson v. Louisiana, 816 F.2d 220, 225 (5th Cir. 1987); see also Braden v. 30th Judicial Circuit Court of Kentucky, 410 U.S. 484, 490-91 (1973).  The Court of Appeals has further held:

> [A] claim is not exhausted unless the habeas petitioner provides the **highest state court** with a "fair opportunity to pass upon the claim," which in turn requires that the applicant "present his claims before the state courts in a procedurally proper manner according to the rules of the state courts."

Mercadel v. Cain, 179 F.3d 271, 275 (5th Cir. 1999) (emphasis added) (quoting Dupuy v. Butler, 837 F.2d 699, 702 (5th Cir. 1988)).

The highest state court in Louisiana is the Louisiana Supreme Court.  See La. Const. art. V, § 5(A).  Therefore, a Louisiana pretrial detainee generally cannot proceed to federal court pursuant to § 2241 unless he has first presented his claims to the Louisiana Supreme Court.  The undersigned's staff contacted the Clerk of the Louisiana Supreme Court on November 22, 2021, and confirmed that plaintiff has filed no writ applications whatsoever in that court.  Moreover, as noted, plaintiff conceded as much during the Spears hearing.  Because the Louisiana Supreme

Court has never been afforded a "fair opportunity" to pass upon plaintiff's habeas claims (whatever they may be, which is unclear from the complaint), those claims would not be exhausted, and so habeas relief would be unavailable.

### B.  Mandamus Relief

Mandamus relief would likewise be inappropriate.  The federal mandamus statute, 28 U.S.C. 1361, applies only to officers, employees, and agencies of the **federal government**.  The statute, therefore, clearly does not allow a federal court to grant a writ of mandamus directed to **parish or municipal officials**.  See, e.g., Sockey v. Gray, 159 F. App'x 821, 822 (10th Cir. 2005) ("Federal courts are without jurisdiction to grant a writ of mandamus against state and local officials."); Shirley v. Starkey, Civ. Action No. 6:10cv364, 2010 WL 3781806, at *1 (E.D. Tex. Aug. 25, 2010) ("The federal district courts do not have jurisdiction to issue the writ against a state or county actor or agency."), adopted, 2010 WL 3781799 (E.D. Tex. Sept. 20, 2010), aff'd, 427 F. App'x 305 (5th Cir. 2011).

For those reasons, neither habeas corpus relief nor mandamus relief would be appropriate.

### RECOMMENDATION

It is therefore **RECOMMENDED** that plaintiff's request for habeas corpus relief and mandamus relief be **DENIED**.

It is **FURTHER RECOMMENDED** that all of plaintiff's federal civil rights claims, **except for his claim against Officer Cooper for false arrest**, be **DISMISSED WITH PREJUDICE**.

It is **FURTHER RECOMMENDED** that plaintiff's false arrest claim against Officer Cooper Marcel be **STAYED**.

It is **FURTHER RECOMMENDED** that the Clerk of Court be directed to mark this action **CLOSED** for statistical purposes.

It is **FURTHER RECOMMENDED** that the Court retain jurisdiction over the stayed claim and that the case be restored to the trial docket upon plaintiff's motion once his criminal proceedings are concluded, so that the claim may proceed to final disposition.

A party's failure to file written objections to the proposed findings, conclusions, and recommendation in a magistrate judge's report and recommendation within fourteen (14) days after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court, provided that the party has been served with notice that such consequences will result from a failure to object. 28 U.S.C. § 636(b)(1); <u>Douglass v. United Services Auto. Ass'n</u>, 79 F.3d 1415, 1430 (5th Cir. 1996) (en banc).

New Orleans, Louisiana, this  29th  day of November, 2021.

_____
**JANIS VAN MEERVELD**
**UNITED STATES MAGISTRATE JUDGE**